IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROY DURKEE,                :
      Plaintiff,      :
                  :    No. 07-cv-2104
    v.              :
                  :    Judge John E. Jones III
MICHAEL LEICESTER,    :
                  :
      Defendant    :

## <u>MEMORANDUM</u>

July 28, 2008

This matter is before the Court pursuant to Fed. R. Civ. P. 41(b) and the

Court's inherent authority for involuntary dismissal for failure to prosecute and

failure to comply with the Federal Rules of Civil Procedure and order of this

Court.  For the reasons set forth below, this action will be dismissed.

## I.   BACKGROUND

On November 16, 2007, plaintiff Roy Durkee, filed with the Court a

document titled "COMPLAINT Against Michael Leicester Working Head of

Commonwealth of Pennsylvania Department of Conservation & Natural

Resources Bureau of Forestry."  (Doc. 1.)  Although titled a "complaint," Durkee's

submission was, in fact, a four-page singled-spaced typed letter, containing no

caption or numbered paragraphs as required by Fed. R. Civ. P. 10 and failing to

1

specify what claims Durkee may be attempting to pursue or the relief he seeks as required by Fed. R. Civ. P. 8. The letter sets forth Durkee's financial problems, a disjointed narrative about logging contracts, and reference to other lawsuits in federal court in Vermont and Pennsylvania state court. Durkee simply asks generally for the Court's help.

On November 27, 2007, the Court issued an order (Doc. 3) identifying the deficiencies in Durkee's "complaint," dismissing the complaint without prejudice, and granting Durkee leave to file an amended complaint with thirty days. Cognizant of Durkee's *pro se* status, the Court went to some lengths to explain the requirements of Rules 8 and 10 and to detail what Durkee must do to file a proper complaint. (*Id.* at 3-5.) As of the date of this memorandum, no amended complaint has been filed.

We will also note that, although a summons as to Michael Leicester was issued on November 19, 2007, Durkee has failed to file any proof of service, and there is no indication that the defendant has been served with a copy of the complaint.

## II.    DISCUSSION

Fed. R. Civ. P 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."

Further, United States district courts have inherent power to dismiss *sua sponte* for failure to prosecute and may do so without affording notice or providing an adversary hearing. *Reshard v. Lankenau Hosp.*, 256 Fed. Appx. 506, 507 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same).

In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *see also Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-78 (3d Cir. 1994) (applying *Poulis* factors to dismissal under Rule 41(b)). The court must consider all six factors. *Ware*, 322 F.3d at 221-22; *United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 162 (3d Cir. 2003). Dismissal is an extreme sanction, and any doubts

3

should be resolved in favor of an adjudication of the case on its merits. *Id.*

However, each factor need not be satisfied to justify dismissal. *Id.* In this case,

the balance of the *Poulis* factors weighs in favor of dismissal.

With regard to the first *Poulis* factor, Durkee is solely and personally

responsible for his failure to prosecute this case. He filed a "complaint" that was

clearly unanswerable and almost unintelligible. The Court provided Durkee with

explicit instructions on how to amend his complaint and granted him 30 days in

which to do so. Eight months later, Durkee has still not taken advantage of this

opportunity. Moreover, Durkee has not served his complaint on any defendant,

thereby precluding the case from moving forward at all.

The second *Poulis* factor is essentially inapplicable in this case as Durkee

has utterly failed to effect service. To some extent however, the putative

defendant, Michael Leicester, has been prejudiced by the fact that a civil action

has been pending against him in federal court for almost nine months and he has

been given no notice whatsoever of that action.

With regard to the third *Poulis* factor, the Court notes, as it did in its

November 27, 2007 order, that this is not Durkee's first attempt to file this action

in this court. On May 31, 2006, Durkee submitted the same letter "complaint",

addressed to the Chief Judge of this district, and a summons was issued. *See*

4

*Durkee v. Leicester*, C.A. No. 07-cv-1100, Doc. 1.  Almost ten months later, after

no proof of service had been filed and no appearance made by the defendant, the

Court ordered Durkee to file proof of service within thirty days or have his suit

dismissed.  *Id.* at Doc. 3.  After Durkee failed to provide proof of proper service,

the Court dismissed that action without prejudice.  *Id.* at Docs. 5, 6.  In doing so,

the Court stated that if he intended to re-file his case, Durkee should refer to the

requirements of Rules 8 and 10, as well as the Federal Rules' appendix of forms,

in crafting a new complaint.  *Id.*, Doc. 5 at 5 n.2.  In filing the present action,

Durkee did not heed the Court's advice, but instead merely photocopied his

previous "complaint", whited-out the Chief Judge's name, replaced it with the

undersigned's, and submitted the exact same document.  Durkee did not even

bother to change the date on his new "complaint."  (*Compare id.* at Doc. 1, dated

May 24, 2006 *with* Doc. 1 in this case, submitted November 16, 2007, but dated

May 24, 2006.)  Durkee has now twice filed a seemingly frivolous complaint with

this Court and twice failed to effect service or amend his complaint to comply with

filing requirements.

    With regard to the fourth *Poulis* factor, given this history of dilatory

conduct and almost nonexistent effort to prosecute his multiple lawsuits, the Court

can only conclude that Durkee's conduct is willful and in bad faith.

With regard to the fifth *Poulis* factor, no alternative sanctions present themselves.  Given Durkee's proclaimed financial difficulties, monetary sanctions may be moot and too extreme.  Given Durkee's history of failing to prosecute his claims, dismissal without prejudice and granting leave to amend yet again would be futile.

Finally with regard to the sixth *Poulis* factor, Durkee's claims – at least what the Court can guess might be Durkee's claims – appear to facially lack merit.  The best we can tell is that Durkee claims that he had a logging contract with the Pennsylvania Department of Conservation and Natural Resources's Bureau of Forestry, that the contract was "altered" by one Michael Leicester or Mike Lester, and then terminated on the basis of this alleged alteration.  Durkee explicitly states, however, that this claim is or was the subject of a suit in federal court in Vermont as well as a suit before the Pennsylvania state courts.  Durkee states that it dawned on him "in talking to a Federal judge here in Vermont that I can go to a Federal judge in Pennsylvania to get relief from this abuse." (Doc. 1 at 3.)  This "realization" typifies the misunderstanding of the federal judicial system reflected in the "complaint" in this case and far too many other lawsuits filed in federal courts today.  The federal courts exist to resolve concrete and particularized disputes over a limited set of federally protected legal interests.  The federal

6

judiciary is not a clearinghouse for generalized grievances or the arbiter of the norms of civilized conduct. All too frequently, disputes which end up before the federal courts are more appropriately addressed to the legislative and executive branches, better suited for the state courts, or could simply be resolved between the parties themselves without resort to litigation. Stepping down from the soapbox, the relevant point in this case is that Durkee has left the Court, and any potential defendant, in no position to determine what his claims are, let alone the meritoriousness of any such claim.

The balance of the *Poulis* factors weighs heavily in favor of dismissal of this action, and the Court will therefore exercise its inherent authority and the power granted by Fed. R. Civ. P. 41(b) to dismiss this case with prejudice. An appropriate order will issue.